UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROLLINGTON FERGUSON,**<br>Plaintiff,<br>v.<br>**CENTERS FOR MEDICARE AND MEDICAID SERVICES,**<br>Defendant. | Case No.  4:19-cv-05262-YGR<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT; CONTINUING COMPLIANCE HEARING; AND EXTENDING TIME TO SERVE**<br><br>Re: Dkt. No. 22 |

The Court has reviewed the motion for default judgment filed by plaintiff Rollington Ferguson. (Dkt. No. 22.) Federal Rule of Civil Procedure 55(b) requires an entry of default as to a defendant prior to a Court entering a default judgment. No entry of default has been entered as to defendant Centers for Medicare and Medicaid Services ("CMMS"). Accordingly, the Court **DENIES** the motion for default judgment.

As stated in the Court's prior continuing the compliance hearing and extending time to serve, (*see* Dkt. No. 18) under Federal Rule of Civil Procedure 4(i), in order to the serve a United States agency or corporation, or a United States officer or employee, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee. Fed. R. Civ. P. 4(i)(2). In order to serve the United States, a party must do three things:

(1) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk or (ii) send a copy of both the summons and complaint by registered or certified mail to the civil process clerk at the United States attorney's office; and

(2) send a copy of each by registered or certified mail to the Attorney General of the

1  United States at Washington, D.C.; and

2      (3) if the action challenges an order of a nonparty agency or officer of the United States,

3  send a copy of each by registered or certified mail to the agency or officer.  Fed. R. Civ. P. 4(i)(1).

4      The Court's prior order set a compliance hearing for April 24, 2020, requiring Ferguson to

5  comply with Rule 4 in service of CMMS on or before April 13, 2020.  To date, no such proof of

6  service has been filed on the docket.

7      In light of the ongoing coronavirus disease (COVID-19) pandemic and the issuance of this

8  Order, the Court **EXTENDS** the time – **<u>for one final time</u>** – in which Ferguson may serve CMMS:

9  plaintiff Rollington Ferguson shall serve CMMS on or before **Wednesday, May 13, 2020**.  Such

10  service shall be in compliance with the Federal Rules of Civil Procedure, as discussed above.  **<u>A

11  failure to do so will result in this case being dismissed without prejudice for failure to

12  prosecute for lack of service under Rule 4(m)</u>**.

13      Further, the compliance hearing set for April 24, 2020 is **CONTINUED** to the Court's **9:01

14  a.m.** calendar on **May 22, 2020**, in Courtroom 1 of the United States Courthouse located at 1301

15  Clay Street in Oakland, California.  At least five (5) business days prior to the date of the

16  compliance hearing, Ferguson shall file proof of service on CMMS and the United States in

17  compliance with Federal Rule of Civil Procedure 4.  To be clear, the Court **DOES NOT** expect the

18  parties to appear on the date of the compliance hearing, but rather, it is scheduled to remind the

19  Court of Ferguson's filing deadline.  If compliance is complete, the compliance hearing will be

20  taken off calendar.  Failure to file the proof of service will result in dismissal of the action without

21  prejudice

22      The Court advises Ferguson that a Handbook for Pro Se Litigants, which contains helpful

23  information about proceeding without an attorney, is available in the Clerk's office or through the

24  Court's website, http://cand.uscourts.gov/pro-se.  Assistance is also available through the Legal

25  Help Center. Parties can make an appointment to speak with an attorney who can provide basic

26  legal information and assistance.   The Help Center does not see people on a "drop-in" basis, and

27  will not be able to represent parties in their cases. There is no charge for this service.  In light of

28  the ongoing COVID-19 pandemic, the Help Center is only currently assisting parties via

telephone.  To make an appointment with the Legal Help Center, you may: (1) call 415-782-8982; or (2) email federalprobonoproject@sfbar.org. The Help Center's website is available at https://cand.uscourts.gov/legal-help.

This Order terminates Docket Number 22.

**IT IS SO ORDERED.**

Dated: April 15, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**