UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **ROLLINGTON FERGUSON,**<br><br>Plaintiff,<br><br>vs.<br><br>**CENTERS FOR MEDICARE AND MEDICAID SERVICES,**<br><br>Defendant. | Case Nos.  4:19-cv-05262-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

Plaintiff Rollington Ferguson brings this action against defendant Centers for Medicare and Medicaid Services ("CMS") seeking judicial review of a decision issued by the Departmental Appeals Board of the United States Department of Health and Human Services.  Ferguson alleges violation of his rights under the due process clause of the Fourteenth and the Fifth Amendments, and unjust enrichment.

Now before the Court is CMS' motion to dismiss Ferguson's complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).  (Dkt. No. 36.)  Ferguson opposes the motion.  (Dkt. No. 37.)  Having carefully considered the pleadings in this action and the papers submitted on each motion, and for the reasons set forth below, CMS' motion to dismiss is **GRANTED**.

I.   **BACKGROUND**[1]

Ferguson is a medical practitioner enrolled in the Medicare program since 1990.  (Dkt. No.

---

[1] CMS requests the Court to take judicial notice of documents that were part of the Administrative Record ("AR") of Ferguson's case before the Departmental Appeals Board ("Board"), two of which are expressly referenced in the complaint.  (*See* Dkt. No. 36 at 5; Dkt. No. 35.)  The Court **GRANTS** this request for the purposes of this motion.  *See Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)) (*superseded by statute on other grounds*) (noting that the incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself," which "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citing *Parrino*, 145 F.3d at 706) (the court may consider documents referenced in a complaint but not explicitly incorporated if its authenticity is not questioned); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").  However, Ferguson's late filed request

1 at 4.) On December 13, 2017, Ferguson reapplied to revalidate his billing privileges. (*Id.*) On December 17, 2017, Noridian, a Medicare administrative contractor, informed Ferguson via email that his application was incomplete. (*See id.*) Ferguson alleges the email went to his spam folder, which he only recovered after Noridian rejected his application via email on January 20, 2018. (*Id.*) On February 1, 2018, after approving his new application, Noridian determined the effective participation date to be February 12, 2018, and stopped payments for the period between January 20, 2018 and February 12, 2018. (*Id.*) Noridian informed Ferguson of his right to request reconsideration of the effective date of participation within 60 days, and that the request had to be signed and dated by the physician. (Dkt. No. 35-2, AR 151; Dkt. No. 1 at 4-5.) On April 4, 2018, Noridian returned Ferguson's first reconsideration request from March 12, 2018 because it was not signed and dated. (Dkt. No. 1 at 5.) Noridian refused to process a second request filed on April 5, 2018 because it was filed past the deadline, where Ferguson filed 63 days after the February 1 date. (*See id.*)

Ferguson requested a hearing before an Administrative Law Judge ("ALJ"), who found that because Ferguson never received a reconsideration determination, he did not have a right to a hearing. (*Id.*) Importantly, the ALJ ordered Ferguson to register for the Civil Remedies Division's Electronic Filing System ("DAB E-File") and file all documents electronically going forward unless he was granted a waiver. (Dkt. No. 35-1, AR 31-32.) This order included instructions for electronic filing. (*Id.*, AR 34-55.) Parties using the DAB E-File further accepted electronic service of all case related documents. (*Id.*, AR 38-49.) When a new document is uploaded, the system generates a notification email. (*Id.*, AR 42.) The order further states that parties are responsible for ensuring that spam filters do not block notices. (*Id.*, AR 38-39.)

The ALJ issued a decision on September 24, 2018. (Dkt. No. 1 at 5.) On November 9, 2018, Ferguson requested that the Departmental Appeals Board ("Board") review the ALJ's decision. (*Id.*)

---

for judicial notice of a CMS manual, which was filed after the submission of CMS' reply brief, is **DENIED**, as its filing is improper under the local rules. N.D. Cal. Civil L.R. 7-3(d) ("[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval").

On June 20, 2019, the Board affirmed the ALJ's dismissal and *transmitted its decision to Ferguson by DAB E-File on the same day*. (Dkt. No. 35-2, AR 145; *see* Dkt. No. 1 at 5.) The Board notified Ferguson that the decision is binding unless he timely filed a civil action seeking judicial review within sixty (60) days, citing, among others, 42 C.F.R. section 498.102 and sections 205(g) and 1128A(e) of the Social Security Act. (Dkt. No. 1 at 8-9.) On August 22, 2019 Ferguson filed the operative complaint seeking judicial review of the Board's decision, sixty-three (63) days after the Board's decision was issued on June 20, 2019. (*See* Dkt. No. 1.)

## II.  LEGAL STANDARD

Rule 12(b)(6) tests the legal sufficiency of claims asserted in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Generally, review is limited to the allegations in the complaint, which are "taken as true and construed in the light most favorable to the plaintiff." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). But "unreasonable inferences" and "legal conclusions" are not accepted. *Ileto*, 349 F.3d at 1200. Courts "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens,* 546 F. 3d 580, 588 (9th Cir. 2008). When ruling upon a Rule 12(b)(6) motion, a court may consider documents alleged in a complaint that are essential to a plaintiff's claims and whose authenticity no party question[s]." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. City of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). "[T]he statute-of-limitations defense may be raised in a motion to dismiss when running of the statute is apparent from the face of the complaint." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th. Cir. 1987) (citing *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir.1980)). Such a motion to dismiss "should be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Conerly*, 623 F.2d at 119 (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (internal quotation marks omitted). A claim is plausible "when the plaintiff

3

1    pleads factual content that allows the court to draw the reasonable inference that the defendant is
2    liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556
3    (2007)). When "the allegations . . . however true, could not raise a claim of entitlement to relief"
4    dismissal is appropriate. *Twombly*, 550 U.S. 544, 558 (2007).

As Ferguson is proceeding *pro se*, the Court construes Ferguson's complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)).

### III.  ANALYSIS

Here, CMS avers that Ferguson's complaint should be dismissed because Ferguson commenced this action past the sixty-day statute of limitations period after receiving notice of the Board's determination. CMS also argues that Ferguson has not met the burden to establish equitable tolling of the sixty-day period. In response, Ferguson contends that because CMS has not proved that he received notice of the decision between June 20-22, 2019, the statute of limitations did not start on any of those dates and that he is therefore within the time permitted by the relevant statutes and regulations.

#### A.  Whether Ferguson's Claims Are Time Barred

Section 205(g) of the Social Security Act, 42 U.S.C. section 405(g) governs judicial review of determinations made by the Secretary of Health and Human Services ("HSS"). *Driver v. Heckler*, 779 F.2d 509, 510 (9th Cir. 1985). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis supplied); *Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (affirming dismissal under section 205(g), as amended, 42 U.S.C. section 405(g), of complaint filed two days late). A party seeking "judicial review must commence civil action within 60 days from receipt of the notice of the Board's decision." 42 C.F.R. § 498.95(a); *see Dynamic Visions v. Dept. of Health & Servs.*, No. 10-10864-JLT, 2011

1  WL 1527022, at *2 n. 13 (D. Mass. Apr. 20, 2011) ("To seek judicial review, a provider must
2  commence a civil action within sixty days of receipt of the notice of the DAB's decision.") (citing
3  42 U.S.C. § 405(g); 42 C.F.R. § 498.95(a)).  Section 405(g)'s 60-day limit is "a condition on the
4  waiver of sovereign immunity and thus must be strictly construed." *Bowen v. New York*, 476 U.S.
5  467, 478-79 (1986); *Diaz v. Comm'r of Soc. Sec.*, No. 5:13-cv-05027-PSG, 2014 WL 1348896 at
6  *3 ((N.D. Cal. Apr. 4, 2014.)  Courts have not afforded *pro se* litigants different treatment based
7  on their status.  *See Butler v. Berryhill*, No. 3:17-cv-05635-DWC, 2017 WL 6389308 at *2, 3
8  (W.D. Wash., Dec. 14, 2017.); *Cairns v. Colvin*, No. C14-99-BJR, 2014 WL 4929322 at * (W.D.
9  Wash. May 7, 2014) (dismissing complaint where *pro se* plaintiff filed one day late).

10  Here, after a review of the record and pleadings in this matter, the Court concludes that the
11  complaint must be dismissed because Ferguson filed this action past the sixty-day period after
12  receiving notice.  Here, Ferguson facially filed the complaint beyond the sixty-day period, as he
13  filed the complaint on August 22, 2019, which is 63 days after the Board's June 20, 2019 decision.
14  (*See* Dkt. No. 1.)  Instead, Ferguson avers that the June 20 date is not the starting date of the sixty-
15  day period because CMS did not prove he received notice on that day, nor did he receive any
16  notice until days following the decision.  Under a later date, Ferguson would therefore be within
17  the prescribed sixty-day time period.

18  Ferguson does not persuade.  First, Ferguson *does not* allege or argue that he did not
19  receive the Board's decision on June 20, 2019 or that it was delayed, which may have raised
20  factual disputes that could not be decided at this stage.  Rather, Ferguson's argument is that CMS
21  cannot prove that he was in receipt of the decision. (Dkt. No. 37 at 3.)  In other words, Ferguson
22  has no deadline unless CMS can prove he received the notice via certified mail or receipt of email.
23  (*See id*.)  The Court disagrees.  Ferguson agreed to electronic service and the electronic filing
24  system guidelines, and was thus responsible for checking his notices, which the Board sent on
25  June 20, 2019.  (*See* Dkt. No. 1 at 8-9; Dkt. No. 35-1, AR 38-39.)  Instead, Ferguson asks the
26  Court to infer that he did not receive notice by June 22, 2019 even though the Board transmitted
27  its decision "[b]y DAB E-File" on June 20, 2019.  (*See* Dkt. No. 37 at 3; Dkt. No. 1 at 1, 8.)
28  Indeed, Ferguson attached this letter to the complaint.  (*See* Dkt. No. 1 at 8.)   Ferguson thus asks

the Court to make an unreasonable inference that he does not support with any facts and that contradicts documents in the complaint. *See Ileto*, 349 F. 3d at 1200; *Lazy Y Ranch*, 546 F. 3d at 588.

Second, Ferguson's argument as to delayed email notification does not persuade. Ferguson avers that the Court should infer that he did not receive the email on the day it was sent, June 20, 2019. (*See* Dkt. No. 37 at 3.) Ferguson *does not* allege that he did not receive the email on the same day it was sent. (*See* Dkt. No. 35-2, AR 145; Dkt. No. 37 at 3.) This is unavailing. Ferguson does not offer legal authority or any facts to support this position. "[P]roper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." *Baldwin v. United States*, 932 F.3d 836, 840 (9th Cir. 2019); *Nunley v. City of L.A.* 52 F.3d 792, 796 (9th Cir. 1995) (citing *Anderson v. United States*, 966 F.2d 487, 491-92 (9th Cir. 1992) (overruled on other grounds). Some courts apply the mailbox rule to emails, which here is particularly appropriate. *See Ball v. Kotter*, 723 F.3d 813, 830 (7th Cir. 2013); *Kennell v. Gates*, 215 F.3d 825, 829 (8th Cir. 2000); (*Prizler v. Charter Communications*, 3:18-cv-1724-L-MSB, WL 2269974 at * 3 (May 28, 2019). Electronic filing systems sent an automatic notification when a document has been uploaded. *See e.g.*, *Intermedix Corp. v. Urgent Care of Mt. View*, No. 19-cv-62399-BLOOM/Valle, 2019 WL 8888204 at *2 (S.D. Fla. Oct. 4, 2019); *Nat'l Fitness Ctr., Inc. v. Atlanta Fitness, Inc.*, No. 3:09-CV-133, 2013 WL 12123960 *4 n.1 (E.D. Tenn. Oct. 11, 2013); *Olson v. Champaign Cty.*, No. 11-2147, 2011 WL 13160326, at *2 (C.D. Ill., Dec. 16, 2011); *McCabe v. Basham*, No. 05-CV-73-LRR, 2008 WL 4724743 at *4 n.1 (N.D. Iowa , Oct. 23, 2008). Similarly, the DAB E-File system automatically emails the parties a notification. (*See* Dkt. 35-1 at 42, 43.).[2] Ferguson consented to the DAB E-File system. (*See id.*, AR 31.) Ferguson could therefore not have expected certified mail as a basis for notification. Accordingly, dismissal is warranted unless any equitable tolling applies.

---

[2] Indeed, the Civil Remedies Appeals rules do not allow for days added if a document has been served electronically by DAB E-File, presumably because notification is instantaneous. (*See* Dkt. No. 35-1, AR 44.)

### B.  Whether the Sixty-Day Statute of Limitations Period Is Equitably Tolled

Equitable tolling applies when a plaintiff (1) "has been pursuing his rights diligently" and (2) "extraordinary circumstance stood in his way." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The second part of the test is "met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wisconsin v. U.S.*, 136 S.Ct. 750, 756 (2016). The "principles of equitable tolling described above do not extend to what is at best a garden variety of excusable neglect." *Irwin v. Dep't of Veteran Affairs*, 489 U.S. 89, 96 (1990).

Here, Ferguson did not address CMS's argument against equitable tolling. Furthermore, Ferguson does not allege extraordinary circumstances that prevented him from filing within the deadline. Even after reviewing the administrative record and the pleadings, no extraordinary circumstances may be reasonably inferred that would have prevented Ferguson from filing within the sixty-day period.

Thus, the Court concludes that the sixty-day period was not equitably tolled. Accordingly, CMS' motion to dismiss is **GRANTED.**

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** CMS' motion to dismiss. In light of the identified defects here, namely as to sixty-day statute of limitations period, the Court determines that these defects cannot be remedied by providing an opportunity to amend the complaint. Accordingly, this action is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is directed to close this Case.

This Order terminates Docket Number 36.

**IT IS SO ORDERED.**

Dated: September 23, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**