United States District Court<br>Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROLLINGTON FERGUSON,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**CENTERS FOR MEDICARE AND MEDICAID SERVICES,**<br><br>　　　　　　Defendant. | Case No.  4:19-cv-05262-YGR<br><br>**ORDER DENYING MOTION TO ALTER/AMEND JUDGMENT**<br><br>Re: Dkt. No. 46 |

*Pro se* plaintiff Rollington Ferguson brings this action against defendant Centers for Medicare and Medicaid Services ("CMS") seeking judicial review of a decision issued by the Departmental Appeals Board of the United States Department of Health and Human Services. Ferguson alleges violation of his rights under the due process clause of the Fourteenth and the Fifth Amendments, and unjust enrichment.

Now before the Court is Ferguson's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  (Dkt. No. 46.)  The Court previously dismissed Ferguson's complaint due the running of a sixty-day statute of limitations period.  (*See* Dkt. No. 45.)  CMS opposes the motion. (Dkt. No. 47.)  The motion is now fully briefed.  (*See* Dkt. No. 48.)

Having carefully considered the pleadings in this action and the papers submitted on each motion, and for the reasons set forth below, Ferguson's motion to alter or amend the judgment is **DENIED**.

## I.   LEGAL STANDARD[1]

Federal Rule of Civil Procedure 59 permits a party to file a motion for a new trial or to "alter or amend a judgment no later than 28 days after the entry of the judgment."  Fed. Rule Civ.

---

[1]  The Court incorporates the background of the prior Order.  (*See* Dkt. No. 45 at 1-3.)

Proc. 59(e).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such a motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such a motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Although a Rule 59(e) motion permits a district court to alter or amend a judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810,1, pg 127-128 (2d ed. 1995)).  The Ninth Circuit has noted that relief from judgment under Rule 59(e) is "extraordinary" and "should be used sparingly."  *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (citation omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (noting that a moving party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances justify its application).  In other words, the rule is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources."  *Kona Enterprises, Inc, v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## II.   ANALYSIS

Ferguson argues that the judgment should be altered or amended under Rule 59(e) on the basis to (1) correct manifest errors of fact and (2) prevent manifest injustice.

In sum, Ferguson relies on purported new evidence in the form of an excerpt from a CMS manual, and a statement regarding judicial review on CMS' website to argue that there is a manifest error of facts and law in regards to the calculation of the dates, and that it would be a manifest injustice not to consider this information.  (*See generally* Dkt. No. 46, citing 42 U.S.C. § 405.1136.)  Specifically, Ferguson points to CMS's Manual Publication 100-04 regarding medical claims processing defining date of receipt as "a determination, decision on notice is presumed to have been received by the party five days from the date included on the determination or decision"; and CMS's website stating "in counting the 60 days, we assume that you receive the

United States District Court
Northern District of California

1   notice five days after we mail it unless you can show that you received it later."  (*See* Dkt. No. 46-

2   3.)

3          In its prior Order, the Court discussed in detail the statutory framework and its application

4   in this case.  The current motion does not provide an extraordinary basis to alter or amend that

5   decision, either substantively or procedurally.  Substantively, the CMS manual does not change

6   the result.  Rather, it merely provides guidance on administrative procedures, and solely to

7   requests for review determinations on entitlement claims to Medicare benefits made by or to the

8   Medicare Appeals Council.  It has no application set to the calculation of the dates for purposes of

9   judicial review in the federal court.  Further, the "date of receipt" does not apply to determinations

10  regarding provider enrollment, as they are handled by the Board.  42 C.F.R. Part 498; *Regulatory*

11  *Procedures for Board Review*, HHS, https://www.hhs.gov/about/agencies/dab/different-appeals-

12  at-dab/appeals-to-board/regulations/index.html (May 8, 2017) ("[R]egulations that provide for

13  Board review. . . include the following: . . 42 C.F.R. Part 498, for review of decisions. . . affecting

14  a provider's or supplier's enrollment in the Medicare. . . .").

15         Moreover, Ferguson's arguments are procedurally without merit.  In general, an argument

16  that could have been raised in an earlier dispositive motion that is later raised in a Rule 59(e)

17  motion is procedurally improper.  *Kona,* 229 F.3d at 890; *see also Vega v. Commissioner of Social*

18  *Security Administration*, 472 F. App'x 827 (9th Cir. 2012) (denying a Rule 59(e) motion when the

19  argument could have been raised in the earlier dispositive motion).  Here, Ferguson states that

20  although the manual excerpt, website, and timeline citation were available at the time of the initial

21  pleadings, they were discovered later in his research on the earlier motion to dismiss.  The Court

22  acknowledges that Ferguson attempted to submit the manual for judicial notice after briefing on

23  the motion to dismiss was concluded.

24         Even considering the new submitted materials, Ferguson's arguments and materials do not

25  justify a different outcome on the judgment.[2]  In short, Ferguson has only shown his continued

26  _____

27         [2] Similarly, plaintiff argues that particular statutes, as well as other excerpts should have
    been applied to the initial case.  However, for similar reasons as described above, the statutes and
28  excerpts are not relevant to judicial review of CMS administrative decisions, and those arguments

disagreement, but has failed to show any clear error or manifest injustice.  *See Bey v. Malec*, No.

18-cv-02626-SI, 2020 WL 3058336, at *2 ("While courts within the Ninth Circuit have not strictly

defined what constitutes clear error for Rule 59(e) motions, courts have generally found that 'mere

doubts or disagreement about the wisdom of a prior decision of . . . [the] court will not

suffice'. . . Rather, for there to be clear error, the previous decision 'must strike [a court] as more

than just maybe or probably wrong; it must be dead wrong" (*quoting Teamsters Local 617

Pension and Welfare Funds v. Apollo Grp., Inc.,* 282 F.R.D. 216, 231 (D. Ariz. Mar. 30, 2012));

*Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)

(demonstrating that a litigant's dissatisfaction with a judgment is not sufficient to demonstrate the

circumstances necessary to permit relief from a judgment, denying a Rule 59(e) motion).

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to alter or amend judgment.  The

Clerk of the Court is directed to enter judgment in favor of CMS.

This Order terminates Docket Number 46.

**IT IS SO ORDERED.**

Dated: December 2, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

therefore lack merit.

United States District Court
Northern District of California